### PERRY v. DREDGE, et al.
No. 63-L-4133.

Circuit Court, Dade County.
May 31, 1966.

Oscar C. Edrington and Mantague Rosenberg, both of Miami, for plaintiff.

Hugh Wood of Dean & Adams, Miami, for defendant and American Security Ins. Co., garnishee.

HAL P. DEKLE, Circuit Judge.

This cause came on for hearing before me after notice on the plaintiff-garnishor's motion for summary judgment, and the court having heard arguments of counsel and considered affidavits, depositions and pleadings on file, having considered memoranda of law, and being otherwise fully advised, finds —

It affirmatively appears that even if the named defendant, who was one of the insureds along with his then wife, had been present at the trial and testified, it would not probably have changed the result of the trial.

The garnishee-insurer was armed with this insured's sworn answers to requests for admissions which could have been used at the trial under rule 1.21 (d) (3) where he was outside the jurisdiction or not available, and which answers related his version of the accident and what he knew about it. It does not appear from anything on file on the motion for summary judgment that this insured could have added any further testimony or evidence if he had been present and testified in person.

Additionally, the wife of the named insured appears also to be a named insured, who was present at the time of the accident, and who was available upon reasonable inquiry by the insurer, as appears from her affidavit — but she was never contacted or requested to appear.

The legal tests of liability on a garnishment of an insurer after a verdict are — (1) whether the alleged lack of co-operation of an insured was material, and (2) whether the insurer was substantially prejudiced thereby.

As a matter of law it appears here that such is not the case and that there is no genuine issue of any material fact for trial of the garnishment proceeding, and it is accordingly ordered that judgment against the garnishee, American Security Insurance Company,

184

a foreign corporation, in favor of plaintiff Robert J. Perry, be and the same is hereby entered and that said plaintiff recover of and from said garnishee the sum of $25,000, being the limits of coverage for personal liability for each occurence, plus interest at 6% per annum from the date of the judgment herein against the insured on February 18, 1965, and costs to be hereafter taxed after notice.